# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: Opus East, et al. : | |
| : | |
| Debtors. : | |
| _____ : | C. A. No. 15-346-LPS |
| : | Bankruptcy Case No. 09-12261 |
| Jeffrey L. Burtch, Chapter 7 Trustee for : | Bankruptcy Adv. No. 11-52423 (MFW) |
| the Estate of Opus East, L.L.C. : | BAP No 15-16 |
| : | |
| Appellants, : | |
| : | |
| v. : | |
| : | |
| Opus, LLC et al., et al., : | |
| : | |
| Appellees : | |

## Recommendation

At Wilmington this **18th** day of **June, 2015**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Previously, the parties have attempted both formal and informal negotiations to resolve this matter without success. Those attempts involved a meeting among counsel for the parties on September 27, 2011 and mediation on January 5, 2012. Neither effort resolved the controversy. Despite continued efforts thereafter through

2014, the parties did not make significant progress toward resolving the dispute. Although prior efforts have been unsuccessful, the parties, however, have differing views on whether mediation is appropriate. The Trustee feels that mediation should proceed because of the complexity of the case and the nature, scope and substance of the Bankruptcy Court's judgment and opinion, and that mediation will be beneficial by possibly avoiding the briefing requirements and the time and resources of the Court to address the issues on appeal. The Trustee further believes that a good faith attempt to timely resolve this dispute without continued consumption of additional and substantial resources would be beneficial to the creditors of a challenged estate.

The Opus defendants hold a different view regarding the benefits of mediation based on prior experience in this matter and that there is no indication that the parties' settlement positions have changed or are likely to change. They argue mediation would likely result in the consumption of valuable resources.

Based on this court's review of the parties' positions and their prior unsuccessful efforts at resolving this matter as recently as 2014, I do not believe mediation is appropriate in this matter.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), this matter be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Through this Recommendation, the parties are advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), FED. R. CIV. P. 72(a) and D. DEL. LR 72.1. Any objections to this Recommendation shall be filed within fourteen (14)

days, limited to five (5) pages, after being served with the same. Any response must be filed within fourteen (14) days after service of objections and is limited to five (5) pages. The parties are further directed to the Court's Standing Order in Non-Pro Se matters for Objections Filed under FED. R. CIV. P. 72 dated October 9, 2013, a copy of which is available on the court's website, www.ded.uscourts.gov.

IT IS FURTHER RECOMMENDED that the following briefing schedule consistent with the parties' request be entered:

Appellant's opening brief be due forty-five (45) days following the later of (i) an order from this Court consistent with this Recommendation removing this matter from mandatory mediation or (ii) the completion of mediation; Appellees' answering brief due forty-five (45) days after the submission of Appellant's opening brief; and Appellant's reply brief due twenty (21) days after the submission of Appellees' answering brief.

IN ADDITION, the parties respectfully request that due to the complexity of the issues for review and the disposition, scope and length of the Bankruptcy Court's opinion and order, enlargement of the page limitation be as follows: opening and answering briefs each not to exceed fifty (50) pages in length and the reply brief not to exceed twenty-five (25) pages in length.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE

3